**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1929**

PATRICIA VAN STORY,

       Plaintiff – Appellant,

    v.

WASHINGTON COUNTY HEALTH DEPARTMENT; MARYLAND DEPARTMENT OF HEALTH & MENTAL HYGIENE; LARRY HOGAN, Governor,

       Defendants – Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:17-cv-03590)

Submitted: November 2, 2020              Decided: December 10, 2020

Before KING, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Donald M. Temple, Washington, D.C., for Appellant. Brian E. Frosh, Attorney General, James N. Lewis, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The plaintiff in this District of Maryland employment discrimination action, Patricia Van Story, is a licensed African-American dentist who was formerly employed as the Dental Director/Program Manager for defendant Washington County Health Department (the "WCHD"). Van Story's operative Amended Complaint of November 2018 asserted a retaliation claim under 42 U.S.C. §§ 1981 and 1983 against the WCHD, as well as defendants Maryland Department of Health and Mental Hygiene (now known as the "Maryland Department of Health," or the "MDH") and Governor Larry Hogan. In January 2019, Van Story sought to file a proposed Second Amended Complaint asserting retaliation and discrimination claims against two new defendants.

By its Memorandum Opinion and Order of July 2019, the district court dismissed the operative Amended Complaint and denied leave to file the proposed Second Amended Complaint. *See Van Story v. Wash. Cnty. Health Dep't*, No. 1:17-cv-03590 (D. Md. July 25, 2019), ECF Nos. 28 & 29. In the rulings that Van Story now challenges, the court dismissed the Amended Complaint's retaliation claim as to the WCHD under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, on the ground that the WCHD is an arm of the State of Maryland protected by Eleventh Amendment immunity.[*] The court denied leave to amend under Federal Rule of Civil Procedure 15(a)(2) because

---

[*] On appeal, Van Story does not contest the district court's dismissal of the retaliation claim as to the MDH and Governor Hogan.

2

the claims asserted in the Second Amended Complaint were not timely and plausible, and thus amendment would have been futile.

We review de novo a district court's dismissal of a claim for lack of subject matter jurisdiction on Eleventh Amendment immunity grounds. *See Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 542 (4th Cir. 2014). Generally, we review for abuse of discretion a court's denial of leave to amend a pleading. *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). But where the court denied leave on grounds of futility, we employ the de novo standard applicable to our review of a motion to dismiss. *See United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 274 (4th Cir. 2014). Having thoroughly reviewed the record and carefully considered the briefs of the parties in this appeal, we are satisfied to affirm the judgment of the district court. Indeed, we readily adopt the court's well-reasoned Memorandum Opinion disposing of the issues.

*AFFIRMED*